AO93 Search and Seizure Warrant



# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>A residence located at 2378 W. Highland Street, Chandler, AZ 85224, and the attached garage, curtilage, any vehicles parked at this residence at the execution of the search warrant, and any sheds or outhouses located on the property.<br><br>USAO # 2025R09219 | Case No. 25-9463 MB<br><br>**(Filed Under Seal)** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before __11/03/2025__ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 10/20/2025 @ 5:13pm            *ESWillett*
                                                    *Judge's signature*

City and state: <u>Phoenix, Arizona</u>            <u>Honorable Eileen S. Willett, U.S. Magistrate Judge</u>
                                                    *Printed name and title*

ATTACHMENT "A"

DESCRIPTION OF PROPERTY TO BE SEARCHED

A residence located at 2378 W. Highland Street, Chandler, AZ 85224, and the attached garage, curtilage, any vehicles parked at this residence at the execution of the search warrant, and any sheds or outhouses located on the property. This residence is further described as a white one-story home with a stucco exterior and red tiled roofing surrounded on the east, north and south by a white brick wall. When looking at the front of the home, which faces east, there is a two-car garage with a white rolling door and driveway that leads to the cul-de-sac, an arched window is south of the garage facing east and a walkway from the driveway that leads to a black gate. Several bushes and trees line the walkway. A white brick wall extends to the south of the gate towards Highland Street and surrounds the rest of the property. A large open gravel area covers the area from the walkway to the sidewalk facing south. The side yards and backyard are a continuous area of mixed grass and gravel that is accessed via the front gate. The south side walkway leads to the front door. The east side of the residence is the backyard. The backyard has a sliding glass door from the rear of the residence that empties onto a concrete slab with a grill and patio furniture. A covered hot tub sits in gravel directly east of the concrete slab. The remainder of the backyard is open gravel. The north side of the residence is a gravel side yard, also accessed through that abuts the wide brick wall.







ATTACHMENT "B"

PROPERTY TO BE SEIZED

Agents seek the following items in any form, whether paper or stored in any electrical, electronic or magnetic storage device:

1. All records relating to violations of 18 U.S.C. Sections 922 (g) (1) and Sections 922 (a)(1)(A) and (6) unlawful possession of a firearm, straw purchasing firearms and unlicensed dealing of firearms and ammunition.

2. Firearms and ammunition, including but not limited to handguns, pistols, rifles, shotguns, full-automatic weapons, and other weapons and any records or receipts pertaining to said firearms and ammunition.

3. Customer lists, books, records, receipts, notes, ledgers, bank records, cashier's checks, money orders, computer hardware and software, and other papers relating to the purchase, transportation, ordering, processing, storage, sale, importation, manufacture, and distribution of firearms and/or records relating to the receipt and disposition of the proceeds from the distribution of firearms and/or ammunition.

3. Books, records, invoices, receipts, records of real estate transactions, financial statements, bank statements, cancelled checks, deposit tickets, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money.

4. Electronic equipment such as computers, currency counting machines, telephone answering machines, telephone caller identification boxes, videocassette and audiocassette tapes, compact discs, and any stored electronic communications and information contained therein.

5. Cellular telephones and/or pagers, and the contents of their memories while in police custody or prior to the return of this warrant.

6. United States currency, financial instruments, business records, financial statements, precious metals, jewelry, titles, gold coins, deeds, contracts, notes and financial instruments and/or papers documenting financial transactions relating to obtaining, transferring, laundering, concealing, or expending of money or other items of value made or derived from trafficking in firearms.

7. Photographs, negatives, videotapes, slides, films, undeveloped film and the contents therein, in particular, photographs of co-conspirators, assets, and/or firearms.

8. Address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and/or fax numbers of co-conspirators, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists.

9. Indicia of occupancy, residency, rental and/or ownership of the premises described in the warrant or vehicles located thereon, including but not limited to utility and bills, cancelled envelopes, keys, deeds, purchase and/or lease agreements, land contracts, titles, and vehicle registrations.

10. To listen, read, review, develop, print, and convert all electronic media into human readable and viewable form and to make copies or recordings of the data in order to protect and preserve the information, excluding computer files and/or data.

11. The opening and search and removal, if necessary, of any safe or locked receptacle or compartment, as all or some of the property heretofore may be maintained inside.

12. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.